UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

DWIGHT L. GLAUBITZ and
ROBECCA M. GLAUBITZ,

        Debtors.

Case No. 09-38348

Chapter 13

---

MEMORANDUM DECISION ON TRUSTEE'S MOTION TO DISMISS

---

On December 29, 2009, the debtors filed a petition for relief under chapter 13 of the Bankruptcy Code. The chapter 13 trustee moved to dismiss the petition, claiming the debtors' unsecured debts exceeded $336,900, which was then the cap for filing a chapter 13 petition. *See* 11 U.S.C. § 109(e).[1] This is a core proceeding under 28 U.S.C. § 157(b), and the Court has jurisdiction under 28 U.S.C. § 1334. This decision constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bank. P. 7052.

BACKGROUND

The relevant facts are not in dispute. As of the date of filing, the debtors had certain liabilities related to their personal guarantees of corporate debt, which was disclosed on their Schedule F as unsecured contingent claims. The following guaranteed debt is the subject of the dispute between the trustee and the debtors:

| | |
|---|---:|
| Associate Bank, N.A. | $ 49,234 |
| Navistar Financial Corp. | 152,941 |
| Paccar Financial Corp. | 86,583 |
| The Equitable Bank SSB | 139,178 |

The total amount of these guaranteed obligations, in addition to other noncontingent, liquidated,

---

[1]The cap for unsecured debt was raised to $360,475 for cases filed on or after April 2, 2010.

unsecured debts, places the debtors over the debt limit prescribed by 11 U.S.C. § 109(e). The guarantees contain the following relevant provisions:

> For value received, and to induce Associated Bank, N.A. ... to extend credit or to grant or continue other credit accommodations to BECCA'S WAY, INC. ... the undersigned ("Guarantor," whether one or more) jointly and severally guarantee payment of the Obligations defined below when due or, to the extent not prohibited by law, at the time any Debtor becomes the subject of bankruptcy or other insolvency proceedings.
> . . .
> You are being asked to guarantee the past, present and future Obligations of Debtor. If Debtor does not pay, you will have to. You may also have to pay collection costs. Lender can collect the Obligations from you without first trying to collect from Debtor or another guarantor.

(Continuing Guaranty in favor of Associated Bank, N.A., signed by Robecca Glaubitz on July 18, 2006).

> Guarantor hereby absolutely and unconditionally guarantees: (a) the prompt payment of all monetary obligations of any sort which Obligor is now or may hereafter become liable to Navistar ("Monetary Obligations") ... all as and when such Monetary Obligations become due under such Agreements; and (b) the full and timely performance of each and every other obligation of Obligor under the Agreements ("Non-Monetary Obligations"); for which such Monetary Obligations and Non-Monetary Obligations ... Guarantor shall be jointly and severally liable with Obligor.
> . . .
> All remedies of Navistar hereunder shall be in addition to, and exercisable consecutively or concurrently in any combination with any and all remedies available to Navistar by operation of law or at equity or under an Agreement or any other guaranty or security agreement, and Navistar may exercise its remedies hereunder against a Guarantor without the necessity for any suit or proceedings of any kind or nature against Obligor or any other Guarantor or any other guarantor or against any security, and without the necessity of any notice to Obligor or Guarantor of nonpayment, nonobservance, nonperformance or other default by Obligor under an Agreement. Written acknowledgment by Obligor or the judgment of any court establishing the amount due from Obligor shall be conclusive and binding on Guarantor.

(Guaranty in favor of Navistar Financial Corporation, signed by Robecca Glaubitz on July 2, 2009).

> For valuable consideration, the receipt of which is hereby acknowledged, and to induce

> Seller to enter into the Contract, Guarantor ... hereby unconditionally guarantees to Seller and all its assigns, regardless of the enforceability of the Contract, or any other circumstances which might affect the liability of Guarantor that (i) all Buyer's indebtedness under the Contract ("Debt"), including without limitation each installment thereof, will be paid in full when due, whether at stated maturity or maturity by acceleration or otherwise, in accordance with the terms of the Contract, and (ii) in case of any extension of time of payment or renewal of any of the Debt, it will be paid in full when due in accordance with the terms of such extension or renewal, whether at stated maturity or maturity by acceleration or otherwise. Failing payment when due of any amount so guaranteed for whatever reason, Guarantor will be obligated to pay such amount immediately, regardless of whether Seller has proceeded against Buyer or the Collateral....

(Security Agreement Guarantees in favor of PACCAR Financial, signed by Nancy, Dwight and Robecca Glaubitz on July 6, 2005, July 30, 2005, and August 24, 2005).

> For value received, Guarantors, jointly and severally, hereby unconditionally and absolutely guarantee to Bank the prompt and full payment of and hereby promise to pay or cause to be paid to Bank or any other holder of any of the obligations defined below when due or, to the extent not prohibited by law, at the time any Debtor becomes the subject of bankruptcy or other insolvency proceedings, all indebtedness and obligations, fixed or contingent, of Nancy J. Glaubitz, Dwight Glaubitz, and hereafter "Debtor", arising under and by virtue of, that certain Note or Agreement payable to Bank ....

(Continuing Guaranty in favor of The Equitable Bank, SSB, signed by Nancy and Dwight Glaubitz on September 19, 2008).

The guaranteed debt is fully secured by property which is not property of the estate and is unsecured as to the debtors. The primary obligor on the guaranteed debt is current, and there are no defaults on any of the guaranteed debt. Subject to the trustee's challenge to the debtors' eligibility under section 109(e), the chapter 13 plan is in all other respects confirmable.

ARGUMENTS

The parties disagree whether the liability is contingent upon the default of the primary obligor. The trustee argues the guaranteed debts are not contingent and are absolutely owed by the debtors. *See Fostvedt v. Dow*, 823 F.2d 305 (9th Cir. 1987); *In re Robertson*, 105 B.R. 504

(Bankr. D. Minn. 1989). The debtors argue the guarantees are contingent in nature for want of some extrinsic event establishing the debtors' liability, and are therefore not included when calculating the debtors' total general unsecured liabilities for purposes of the chapter 13 debt limit. *See In re Pennypacker*, 115 B.R. 504 (Bankr. E.D. Pa. 1990).

Both parties agree that this Court must look to the various guarantee contracts to determine if the debt is noncontingent under state law. Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy* § 15.3 (4th Ed. Rev. 2009).

## DISCUSSION

To ensure that only debtors owing relatively small amounts invoke the protections of chapter 13, the Code contains the following eligibility criteria: "Only an individual with regular income that owes, on the date of the filing of the petition, ... noncontingent, liquidated, unsecured debts that aggregate less than $336,900 ... may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e) (applicable to cases filed before April 1, 2010). The Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). And the Code defines "claim" to mean a

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

The terms "contingent" and "liquidated" are not defined in the Bankruptcy Code. As noted by Norton Bankruptcy Law and Practice:

> The courts have struggled to determine whether a Chapter 13 debtor's guarantee of a debt

4

is contingent or noncontingent. Several decisions, analyzing applicable nonbankruptcy law, have held that a debtor's guaranty is not contingent and is appropriately included in the Chapter 13 eligibility calculation. A slight majority has characterized a guaranty as a "classic example" of a contingent debt because the debtor's liability is subject to a condition precedent – that the principal obligor will default. The timing of the filing of the Chapter 13 petition may affect whether the debtor's guaranty is contingent or noncontingent. If by contract or by applicable nonbankruptcy law the debtor's liability as guarantor is triggered before the petition, the guaranteed debt is appropriately characterized as noncontingent. If, as of the petition date, nonbankruptcy law or the contract of guaranty requires the occurrence of some further event before the debtor becomes liable, the guaranteed debt is contingent and is not counted for Chapter 13 eligibility purposes.

Norton Bankruptcy Law & Practice 3d § 141:7 (2010) (citations omitted). One frequently used definition states that a debt is contingent:

> if the debtor's legal duty to pay, i.e., his liability, does not come into existence until triggered by the occurrence of a future event that was reasonably within the presumed contemplation of the parties at the time the original relationship between the parties was created.

*In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980).

Most of the published cases interpreting whether an obligation under a guaranty was contingent or not involved a finding of default, or lack thereof, by the principal obligor at the time the guarantor filed the bankruptcy case. *See, e.g., In re Enriquez*, 315 B.R. 112, 121-122 (Bankr. N.D. Cal. 2004) (debtor's guaranty of corporate debt was not contingent where the corporation had defaulted prepetition); *In re Pennypacker*, 115 B.R. 504 (Bankr. E.D. Pa. 1990) ("the classic example of a contingent debt is a guaranty because the guarantor has no liability unless and until the principal defaults"); *In re Fischel*, 103 B.R. 44 (Bankr. N.D.N.Y. 1989) (debtor as accommodation maker or "gratuitous surety" unconditionally guaranteed loan payments by nondebtor, but the debtor's liability was contingent upon default by the principal, which had not occurred at the time of filing, and thus was not included in the eligibility

calculation); *In re Pulliam*, 90 B.R. 241 (Bankr. N.D. Tex. 1988) (applying Texas law, a $10.6 million "absolute guaranty" ceased to be contingent upon the principal obligor's prepetition default).

Some courts have found guarantees to be noncontingent without a preceding default by the primary obligor. Rejecting the argument of two chapter 13 debtors that their liability on various debts was contingent upon their codebtor's failure to pay the debts, the court in *In re Walters*, 11 B.R. 567 (Bankr. S.D. W.Va. 1981), found the debts to be noncontingent within the meaning of section 109(e). The court observed that the co-obligor, a business of which one of the chapter 13 debtors was the president, was in chapter 7 bankruptcy and possessed approximately $1.6 million in assets, while the chapter 13 debtors were co-obligors on more than $3 million of the business' debts. Even assuming that all of the business' assets could be liquidated and applied exclusively to the debts on which the chapter 13 debtors were also liable, it was apparent to that court that the debtors' liability for the remaining $1.4 million insufficiency was not contingent. In the present case, the schedules indicate that the principle obligor's assets are inadequate to cover its liabilities, but here there has been no default by the obligor, nor has it filed a chapter 7 case.

Recently the Wisconsin Supreme Court has noted that "Wisconsin law treats the liability of a guarantor as separate and distinct from the liability of the borrower, arising not from the debt itself but from the terms of the contract." *Bank Mut. v. S.J. Boyer Const., Inc.*, 2010 WI 74 ¶ 54, __ N.W.2d __ , 2010 WL 2696859 (Wis. July 9, 2010). In that case, the creditor had foreclosed on property securing the debt, waiving a deficiency against the primary obligor in order to shorten the redemption period. The creditor then sued the guarantor for the deficiency. The

6

court recognized the distinction between a guaranty of payment and a guaranty of collection. A guaranty of payment is an absolute guaranty, and the creditor or mortgagee may proceed directly against the guarantor without first proceeding against the mortgagor or its property because the guarantors are liable as principals. When dealing with a conditional guaranty, however, the mortgagee must exhaust all remedies against the principal debtor prior to proceeding against the guarantor. *Id*. at ¶¶ 56, 15. "A mortgagee may proceed on a guaranty of payment upon a different time line than it may proceed on a guaranty of collection. In neither case, however, is the guarantor liable for the debt secured by the mortgage; rather, the guarantor is liable for what he or she agreed to in the guaranty." *Id*. at ¶ 60. The guarantor is not liable on the underlying debt; he or she is liable for whatever the contract provides and under whatever the contract's terms and limitations are.

Therefore, this Court must turn to the specific terms of each guaranty. The guaranty with Associate Bank, N.A., in the amount of $49,234, provided the following:

> For value received, and to induce Associated Bank, N.A. ... to extend credit or to grant or continue other credit accommodations to BECCA'S WAY, INC. ... the undersigned ("Guarantor," whether one or more) jointly and severally *guarantee payment of the Obligations* defined below *when due* or, to the extent not prohibited by law, at the time any Debtor becomes the subject of bankruptcy or other insolvency proceedings.
> 
> . . .
> 
> You are being asked to guarantee the past, present and future Obligations of Debtor. *If Debtor does not pay, you will have to.* You may also have to pay collection costs. *Lender can collect the Obligations from you without first trying to collect from Debtor or another guarantor.*

(Continuing Guaranty in favor of Associated Bank, N.A., signed by Robecca Glaubitz on July 18, 2006) (emphasis added).

This contract, rather unhelpfully, has elements of both types of guarantees. It is an absolute guarantee in that it uses the term "guarantee payment," which indicates liability for the

full amount when the contract was entered into. It also states the creditor can collect from the guarantor without first exhausting its remedies against the obligor. Then it states, "If the Debtor does not pay, you will have to," which sounds like a contingency. The principal obligor is paying here, so the debtor does not have to pay. However, taken as a whole, I am satisfied that an absolute liability was established under the contract at the time it was signed. The guarantee might just as well have said, "You are liable for the whole debt, no matter what, but so is the corporation." As long as the creditor is collecting from the corporation, there is no reason to pursue the guarantor, but the liability on the balance of the debt remains.

The guarantee with Navistar Financial Corp., in the amount of $152,941, contained the following provision:

> Guarantor hereby *absolutely and unconditionally guarantees*: (a) the prompt payment of *all monetary obligations* of any sort which Obligor is now or may hereafter become liable to Navistar ("Monetary Obligations") ... *all as and when such Monetary Obligations become due under such Agreements*; and (b) the full and timely performance of each and every other obligation of Obligor under the Agreements ("Non-Monetary Obligations"); for which such Monetary Obligations and Non-Monetary Obligations ... Guarantor shall be jointly and severally liable with Obligor.
> . . .
> *All remedies* of Navistar hereunder shall be in addition to, and exercisable consecutively or concurrently in any combination with any and all remedies available to Navistar by operation of law or at equity or under an Agreement or any other guaranty or security agreement, and Navistar *may exercise its remedies hereunder against a Guarantor without the necessity for any suit or proceedings of any kind or nature against Obligor* or any other Guarantor or any other guarantor or against any security, and without the necessity *of any notice* to Obligor or Guarantor of nonpayment, nonobservance, nonperformance or other default by Obligor under an Agreement. Written acknowledgment by Obligor or the judgment of any court establishing the amount due from Obligor shall be conclusive and binding on Guarantor.

(Guaranty in favor of Navistar Financial Corporation, signed by Robecca Glaubitz on July 2, 2009) (emphasis added). The Navistar Financial guaranty is specifically governed by and construed in accordance with Illinois law (*See* Guaranty in favor of Navistar Financial

8

Corporation, ¶ 8); *Cf. In re Flaherty*, 10 B.R. 118, 119 (Bankr. N.D. Ill. 1981) ("Under Illinois law: 'A contingent claim is one where liability hinges upon some future event, which may or may not occur: it is dependent upon some condition as yet unperformed.'"). Similar to Wisconsin common law, in Illinois:

> A guaranty may be absolute or conditional. A conditional guaranty requires the happening of some contingent event before the guarantor will be liable on his guaranty. An absolute guaranty is an unconditional undertaking on the part of the guarantor that the person primarily obligated will pay or otherwise perform. Such guarantor is liable immediately upon default of the principal, without notice. An absolute guaranty, unlike a conditional one, imposes no duty upon the creditor or holder of the obligation to attempt collection from the principal debtor before looking to the guarantor.

*Lawndale Steel Co. v. Appel*, 98 Ill.App.3d 167, 170, 423 N.E.2d 957, 960 (Ill. App. 1981) (citations omitted).

The Navistar guaranty is clearly absolute. The joint and several liability of both the principal borrower and the guarantor was established when the guaranty was signed, and the creditor need not exhaust its remedies against the principal borrower before enforcing it against the guarantor.

The three guarantees with Paccar Financial Corp., totaling $86,583, provide the following:

> For valuable consideration, the receipt of which is hereby acknowledged, and to induce Seller to enter into the Contract, Guarantor ... *hereby unconditionally guarantees* to Seller and all its assigns, regardless of the enforceability of the Contract, or any other circumstances which might affect the liability of Guarantor that (i) *all Buyer's indebtedness* under the Contract ("Debt"), *including without limitation each installment thereof, will be paid in full when due, whether at stated maturity or maturity by acceleration or otherwise*, in accordance with the terms of the Contract, and (ii) in case of any extension of time of payment or renewal of any of the Debt, it will be paid in full when due in accordance with the terms of such extension or renewal, whether at stated maturity or maturity by acceleration or otherwise. *Failing payment when due of any amount so guaranteed for whatever reason, Guarantor will be obligated to pay such amount immediately*, regardless of whether Seller has proceeded against Buyer or the

Collateral....

(Security Agreement Guarantees in favor of PACCAR Financial, signed by Nancy, Dwight and Robecca Glaubitz on July 6, 2005, July 30, 2005, and August 24, 2005) (emphasis added). The guarantor also waived any right of indemnification against the principal borrower.

The PACCAR guarantees seem to have elements of absolute liability in addition to conditional liability. The guarantor unconditionally guarantees the debt, but then the contract states that the guarantor "will be" obligated failing payment, which sounds like a future contingency. Then the contract allows the creditor to proceed against the guarantor without first exhausting its remedies against the principal, and it prohibits the guarantor from collecting reimbursement from the corporation. These provisions are consistent with an absolute guaranty, not a contingent guaranty.

Taken as a whole, I am satisfied that the PACCAR contracts provide for absolute guarantees, and the liability was established when the contracts were signed. The timing of enforcement might be when a payment is skipped by the principal borrower, but there is no requirement that the creditor exhaust its remedies against the principal or its property, and the guarantor cannot enforce reimbursement by the principal borrower of any part of the loan paid by the guarantor. This shows that the guarantor is independently liable under the guaranty for any unpaid portion of the debt. Collection proceedings might be timed with default by the principal borrower, but this is only an acknowledgment by the creditor that it can expect payments to come from a particular source; other provisions make clear that both parties at all times are liable for the debt.

The guaranty with The Equitable Bank SSB, in the amount of $139,178, provided as

follows:

> For value received, Guarantors, jointly and severally, *hereby unconditionally and absolutely guarantee to Bank the prompt and full payment of and hereby promise to pay* or cause to be paid to Bank or any other holder of *any of the obligations* defined below *when due* or, to the extent not prohibited by law, at the time any Debtor becomes the subject of bankruptcy or other insolvency proceedings, all indebtedness and obligations, fixed or contingent, of Nancy J. Glaubitz, Dwight Glaubitz, and hereafter "Debtor", arising under and by virtue of, that certain Note or Agreement payable to Bank ....

(Continuing Guaranty in favor of The Equitable Bank, SSB, signed by Nancy and Dwight Glaubitz on September 19, 2008) (emphasis added). The Equitable Bank guaranty is unconditional. Liability is established upon signing the guaranty and is not conditioned on a future event. No default by the principal borrower is required for an unconditional liability to exist.

Therefore, all of the debtors' guarantees are included as noncontingent unsecured liabilities for the purpose of calculating their liability for chapter 13. Since these guarantees cause their noncontingent unsecured liabilities to exceed the amount that would qualify them as chapter 13 debtors, they are not eligible. A separate order will be entered. The debtors will have 30 days to convert this case to a chapter for which they are eligible.

August 19, 2010

_____
Margaret Dee McGarity
United States Bankruptcy Judge